UNITED STATES of America

v.

Marino J. MATURO, Appellant.

No. 75–1774.

United States Court of Appeals,
District of Columbia Circuit.

Submitted without argument May 3, 1976.

Decided June 1, 1976.

Marino J. Maturo, pro se.

Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, David W. Stanley and Robert E. Hauberg, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before LEVENTHAL, MacKINNON and WILKEY, Circuit Judges.

Opinion for the court filed by Circuit Judge MacKINNON.

MacKINNON, Circuit Judge:

On June 16, 1970, following a jury trial with two co-defendants, Anthony V. Vecchiarello and Louis P. Vecchiarello, appellant Maturo was convicted of 22 counts of mail and wire fraud, and nine counts of altering forged documents in violation of 18 U.S.C. §§ 1341, 1343 (1970), and D.C.Code § 22–1402 (1973). The offenses arose out of their illegal practice of medicine in the District of Columbia. Maturo and his co-defendants were given identical sentences aggregating ten years for each defendant.

On July 30, 1970 the trial judge denied a motion by Maturo to set aside the conviction based on an alleged ineffective assistance of counsel and the allegation that the judge was disqualified to hear the case. Thereafter, on appeal, this court affirmed the convictions in an unpublished opinion on November 22, 1971.

Following our affirmance of the conviction, on February 18, 1972, the trial judge granted appellant's motion for reduction of his sentence.[1] On February 18, 1975 appellant moved to vacate his sentence under 28 U.S.C. § 2255 and Fed.R.Crim.P. 32. Appellant also moved for a change of venue. This motion was finally denied on June 20, 1975, and it is from this denial that appellant now appeals.

■ Appellant's brief claims numerous errors but also describes his position as presenting "the identical facts and issues presented by the motions of his co-defendants;"[2] also that: "All three motions of appellant and his two co-defendants recite basically the same factual allegations and create identical issues to have their sentences vacated."[3] Since appellant bases his appeal on the same factual allegations, and the identical issues, as those presented by Vecchiarello, our opinion therein, which is filed contemporaneously with this opinion, disposes of many of Maturo's contentions by denying them. As to those contentions which our opinion in *United States v. Vecchiarello*[4] denies, we adopt the reasoning and disposition of that decision and dispose of Maturo's identical claims in an identical manner. In addition, however, the Vecchiarello opinion basically grants three of the Vecchiarellos' requests, which are identical to three Maturo claims, by remanding the case for hearing upon those claims as follows:

(1) that the prosecutor knowingly used perjured testimony and threatened witnesses (Motion I, Claims 10(a) and (c); Motion II, Claims 1 and 2); (2) that the prosecutor used illegal wire tap evidence (Motion I, Claim 10(c) and Motion II,

Claims 2 and 3); and (3) that the trial judge attempted to coerce Attorney Leroy Nesbit (Motion I, Claim 14(h)).

*Id.*, 175 U.S.App.D.C. at ——, 536 F.2d at 420. As to the claims of Maturo that are identical to the foregoing claims made by Vecchiarello, we remand this case to the District Court for hearing and, since the two cases were tried jointly, we anticipate that the district court will join the *Maturo* and *Vecchiarello* cases for hearing.

In addition to the foregoing three issues, however, it appears that there may be several points that are not completely covered by our remand on the three claims specified in the *Vecchiarello* case. The principal point in this category is the following complaint in Maturo's brief:

Prosecutor violated constitutional rights U.S.C.A. (5) of appellant when he introduced EBT's[5] of appellant of a civil action and used language to the jury that appellant had been convicted of crimes. Appellant put in no defense nor did he take the stand. Appellant's attorney, Mr. Menard, failed to put in a defense nor call witnesses on behalf of appellant even though appellant vehemently objected to this. Any question of untimeliness can be attributed to ineffective counsel.

Appellant's Brief at M–6.

■ In the foregoing Maturo touches upon three issues: (1) apparently a Fifth Amendment or hearsay claim, (2) that prejudicial statements linking Maturo to other crimes were made before the jury, and (3) that appellant's counsel in failing to put in any affirmative defense, over appellant's vehement objection, and failing to object to allegedly inadmissible testimony, effectively denied Maturo his constitutional right to

---

1. The final sentence was five years imprisonment on each of the wire fraud and mail fraud counts, to run concurrently with each other, and 20 months to eight years on the forgery counts, to run concurrently with the sentences on all the other counts.

2. Appellant's Brief at M–3. The reference to "motions of his co-defendants" pertains to motions which are the subject of the appeal in our case No. 75–1441, *United States v. Anthony V. Vecchiarello,* also decided this date.

3. Appellant's Brief at M–18.

4. *United States v. Vecchiarello,* 175 U.S.App. D.C. ——, 536 F.2d 420, decided the same date as this opinion.

5. Examination Before Trial, *i. e.,* similar to depositions.

counsel. It is difficult to understand these allegations because we are not cited to any supporting references in the transcript. Moreover, what evidence we can find in the record is sparse, almost to the point of non-existence and the claims are ambiguously stated. As to the hearsay claim, if that is what it is, the Government contends that the appellant's deposition in a civil case in Maryland showed that appellant recalled so little about his alleged course of study in Mexico as to strongly indicate that he never attended all the courses at the university that his allegedly forged credentials set forth (Tr. 689–696). It appears that this is prior testimony by way of deposition, and if so it would be admissible as a recognized exception to the hearsay rule.

> Upon compliance with requirements which are designated to guarantee an adequate opportunity of cross-examination, evidence may be received in the pending case, in the form of a written transcript or an oral report, of a witness's previous testimony. This testimony may have been given by deposition or at a trial, either in a separate case or proceeding, or in a former hearing of the present pending case.

McCormick on Evidence § 254, at 614 (2d ed. 1972).

The context of this deposition, insofar as it was read into the record in this case, appears in the transcript at 689–696. Among other apparently startling deficiencies in memory, it indicates that Maturo could not translate the Spanish on his diploma while he admitted that the examinations in medical school were all in Spanish (Tr. 689–697. *See also* Tr. 710–711).

Insofar as appellant may be claiming inadequate representation by his counsel it is our opinion that the allegation with respect thereto is insufficient to raise the issue for this court. However, inasmuch as the case is being remanded, the trial court should include all three claims in the hearing. So far as we can determine from the briefs and record, points (2) and (3) have not been raised or argued heretofore and what is involved in point (1), except for the possible claim of inadmissible hearsay, is not apparent to us. At the hearing appellant will have an opportunity to clarify the arguments he relies upon.

Appellant also contends that the prosecutor misrepresented to the court in the bond hearing that Officer Vance had recanted his affidavit in connection with the alleged wiretapping (Tr. June 16, 1970, at 9–10). The status of this issue as a new or old one is not readily apparent, but the court may consider it with the wiretapping and the intimidation issues, to which it also relates. *See* Appellant's Brief at M–8.

Finally, as to Maturo's claim that he was discriminated against by the court not hearing his claim while it did hear Vecchiarello's, this remand for a joint hearing with Vecchiarello is a complete answer to this claim.

The case is remanded to the district court for disposition consistent with this opinion.

*Order accordingly.*